**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Michael Raupp and Nancy Raupp, husband and wife;<br><br>Plaintiffs,<br><br>vs.<br><br>Arizona Public Service Company, an Arizona corporation; et al.,<br><br>Defendants. | No. CV 11-2598-PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant Arizona Public Service Company's ("APS") motion to dismiss (Doc. 14) and Plaintiffs James Michael Raupp and Nancy Raupp's motion to remand (Doc. 5). The motion to remand has been fully briefed. Docs. 5, 15, 21. For the reasons that follow, the Court will grant the motion to remand.[1]

**I.      Background.**

On March 26, 2010, Mr. Raupp began to suffer symptoms of a stroke while at work. Doc. 1-1 at 12. After trying to load equipment into a truck, Mr. Raupp was sent home. *Id.* at 13. When Ms. Raupp returned home from her work, she found Mr. Raupp asleep in his recliner. *Id.* She checked on him throughout the night and the next morning found him crawling on the floor and speaking incoherently. *Id.* The healthcare

---

[1] Defendant's request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

professionals at a local hospital determined that Mr. Raupp had suffered at least two strokes. *Id.* As a result of the strokes, Mr. Raupp suffered brain damage and lost the use of his left hand and leg. *Id.*

**II. Standard.**

The question of whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 must be determined by reference to the complaint. *Franchise Tax Bd. v. Constr. Laborers Trust*, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). A claim does not present a "substantial question" of federal law merely because a federal statute is an "ingredient" of a state cause of action. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.").

Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. Analysis.**

Plaintiffs' complaint alleges two causes of action: negligence; and negligent infliction of emotional distress. Doc. 1-1 at 16, 19. Both counts arise from the allegation that APS failed to provide Mr. Raupp with an immediate and effective examination after he displayed symptoms of a stroke while at work. *Id.* at 17-18. Defendants argue that this entire case is premised on Plaintiffs' assertion that the federally-mandated "Fitness for Duty" policy imposed a legal duty on APS. Doc. 15 at 1. Defendants contend that whether APS undertook to render services to Mr. Raupp by creating the Fitness for Duty program and whether APS undertook the program for Mr. Raupp's protection both necessarily depend on interpretation of the purpose and intent of such programs. *Id.* at 5.

Plaintiffs argue that the underlying factual allegations supporting the negligence claims stem from APS' failure to act reasonably under the applicable standard of due care, and its unreasonable failure to follow and comply with its own corporate safety policies. Doc. 5 at 4. Plaintiffs allege that APS has a separate and independent duty under Arizona law to act reasonably and appropriately under the circumstances surrounding Mr. Raupp's claim, regardless of the genesis of its Fitness for Duty program or its safety policies.[2] *Id.* at 5.

Plaintiffs do not challenge any aspect of Defendant's Fitness for Duty program or claim that the program was inadequate or deficient. Plaintiffs do not allege a violation of any federal regulation or a negligence per se claim. Doc. 5 at 5. Rather, Plaintiffs challenge the allegedly unreasonable handling of Mr. Raupp's suspected intoxication, and assert that this unreasonableness is evidenced by Defendants' violations of their own safety policy. Doc. 5 at 4. Federal question jurisdiction does not exist simply because a federal question is an ingredient of the state law claim or because the action may

---

[2] Plaintiffs state in their motion to remand the NRC regulations could be interpreted in any number of ways (i.e., imposing a duty, not imposing a duty, imposing a partial duty, etc.) without having any influence on the question of APS' duty and breach under Arizona law. Doc. 5 at 6.

implicate a federal issue.[3] *Merrell Dow*, 478 U.S. at 807; *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). The Court will grant Plaintiffs' motion to remand.

**IV. Motion to Dismiss.**

Because the Court will remand this case to state court, it will not address Defendant's motion to dismiss.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Doc. 5) is **granted.**

2. The Clerk is directed to remand this case to Maricopa County Superior Court.

Dated this 29th day of February, 2012.

_____
David G. Campbell
United States District Judge

---

[3] Even if Defendant were to defend itself by invoking a federal regulation and showing what it requires or does not require, such a defense would be insufficient to create a federal question for jurisdictional purposes. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (holding that federal question jurisdiction does not arise from the defenses or counterclaims alleged by a defendant).